53 F.3d 342
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James B. MITCHELL, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; FCI Florence, and all mail room
employees at Florence FCI, Defendants-Appellants.
 No. 94-1564.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1995.
 
 D.Colorado, D.C. No. 94-B-1643.
 James B. Mitchell, Sandstone, MN, pro se.
 Chalk Mitchell, Asst. U.S. Atty., Denver, CO.
 D.Colo.
 AFFIRMED.
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James B. Mitchell, an inmate at the Federal Correctional Institution in Florence, Colorado, initiated this civil action by filing a pro se complaint in district court. Mr. Mitchell sought an award of damages against the prison and its employees for damage to his mail which occurred when it was sent through an automated letter opener. The defendants moved for summary judgment which was granted by the district court.
 
 
 3
 For substantially the same reasons as those relied on by the district court, we AFFIRM the district court's order granting summary judgment in favor of the defendants. A copy of the district court Order and the Recommendation of United States Magistrate Judge are attached hereto.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 4
 James B. Mitchell, Plaintiff,
 
 
 5
 v.
 
 
 6
 Bureau of Prisons, FCI Florence and all Mail Room Employees
 
 
 7
 at Florence FCI, Defendants.
 
 Civil Case No. 94-B-1643
 ORDER
 
 8
 Plaintiff has filed timely specific written objections to the recommendation of Magistrate Judge Richard M. Borchers that defendants' Motion for Summary Judgment be granted. Therefore, the recommendation is reviewed de novo. On de novo review, I conclude that the recommendation is correct. Accordingly,
 
 
 9
 IT IS ORDERED that defendants' Motion for Summary Judgment be granted and the above action is dismissed.
 
 BY THE COURT
 
 10
 /s/ Lewis T. Babcock
 
 Lewis T. Babcock, Judge
 DATED: November 15, 1994
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 11
 James B. Mitchell, Plaintiff,
 
 
 12
 vs.
 
 
 13
 BUREAU OF PRISONS, et al., Defendants.
 
 Civil Action No. 94-B-1643
 
 14
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 15
 BORCHERS, United States Magistrate Judge.
 
 
 16
 Plaintiff James B. Mitchell currently is serving a sentence at the Federal Correctional Institution (FCI) in Florence, Colorado. He initiated this action by filing a pro se complaint. In this complaint, Plaintiff has attempted to invoke jurisdiction pursuant to 28 U.S.C. Sec. 1331, rather than citing the Federal Tort Claims Act (FTCA) 28 U.S.C. Sec. 2671. A close examination of the complaint reveals that the complaint actually contains FTCA claims.
 
 
 17
 Pursuant to Rule 72.4 of the Local Rules of Practice of the United States District Court of the District of Colorado, this matter has been referred to Magistrate Judge Richard M. Borchers. Defendants have filed a motion to dismiss or for summary judgment, and Plaintiff has responded to that motion. Because this Court will consider material outside of the pleadings, the motion shall be treated as one for summary judgment. See Fed.R.Civ.P. 12(b). Based upon a review of the case file and the applicable law, a recommendation is made that the motion be granted.
 
 
 18
 Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment:
 
 
 19
 shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.
 
 
 20
 Fed.R.Civ.P. 56(c) See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); LeFevre v. Space Communications Co., 771 F.2d 412 (10th Cir.1985). In determining whether a movant for summary judgment has satisfied the burden imposed by Rule 56, all reasonable inferences must be construed in favor of the nonmoving party. Otteson v. United States, 622 F.2d 516, 519 (10th Cir.1980). When considering a motion for summary judgment and a properly filed response the Court is entitled to assume that the evidence as set forth by the parties comprises the totality of evidence which must be considered. Harrison Western Corp. v. Gulf Oil Co., 662 F.2d 690, 692 (10th Cir.1981).
 
 
 21
 Defendants first argue that they have received insufficient service of process. Plaintiff contends that, because he is reliant upon the U.S. Marshall Service to effect service, he should not be responsible if proper service is not made. This Court agrees. A pro se prisoner should not be penalized for reliance on a United States Marshall under Rule 4(c)(2) and 28 U.S.C. Sec. 1915(c).
 
 
 22
 Plaintiff alleges that FCI Florence uses an automatic letter opener in the processing of inmate mail. He claims that this process has resulted in the destruction and mutilation of his mail. Plaintiff also claims that FCI Florence staff improperly opened his legal mail outside his presence.
 
 
 23
 Plaintiff clearly has stated no claim under Bivens. Liability in a Bivens action can only be predicated on actual and knowing participation in alleged unconstitutional conduct. Kite v. Kelley, 546 F.2d 334 (10th Cir.1976). Here, Plaintiff's conclusory allegations are utterly lacking in any factual support and do not state a claim for violation of his constitutional rights. Plaintiff himself admits that "[the alleged opening of legal mail] is not a real concern to Plaintiff on (sic) this complaint." (See Complaint at p. 2).
 
 
 24
 As for Plaintiff's FTCA claim, which the Court will construe as a claim for negligent handling of property, the exhibits attached to Defendants' motion indicate that Plaintiff's mail was not mutilated or destroyed. Rather, at times, single or half lines in documents were somewhat obscured by being torn when Plaintiff's letters were overstuffed. In order to succeed on a tort claim for negligence, a plaintiff must show, inter alia, actual loss or damage resulting to the interests of the plaintiff. Largo Corp. v. Crespin, 727 F.2d 1098, 1102 (Colo.1986); Prosser and Keeton on Torts, Sec. 30 at 164-65 (5th Ed.1984).
 
 
 25
 Here, Plaintiff has presented no evidence to refute Defendants' showing that he has suffered no actual injury, loss or damage. Plaintiff merely speculates that "What if one of the lines cut out ... was the words of his dying mother or ... information that was crucial to Plaintiff in meeting a court deadline?" Such speculation is not sufficient to show the required injury.
 
 
 26
 IT IS THEREFORE RECOMMENDED that Defendants' motion for summary judgment be granted.
 
 
 27
 FURTHER, IT IS ORDERED that under Fed.R.Civ.P. 72, the parties shall have ten days after service hereof to file any written objections with the assigned District Judge. The party filing an objection must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this document may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. Sec. 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 28
 DATED and ENTERED this 31st day of October, 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470